UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RECEIPT # 405056
AMOUNT $ 350.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK. _____
DATE 4-5-07

DAVID GOMES, )
    Plaintiff )
 )
v. ) Civil Action No.
 )
 ) 07-40096-FDS
NORFOLK FINANCIAL CORP., )
    Defendant )

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") was enacted by Congress in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that these practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. *Id.* It further found that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers." 15 U.S.C. §1692(b).

In Massachusetts, the Division of Banks has promulgated regulations governing the conduct of debt collectors - 209 CMR 18.00 *et seq.* - which largely mirror the provisions of the FDCPA. "The purpose of 209 CMR 18.00 is to establish standards, by defining unfair or deceptive acts or practices, for the collection of debts from persons within the Commonwealth of Massachusetts by debt collectors . . . " Any violation of a regulation constitutes a violation of G.L. c. 93A, the Massachusetts Consumer Protection Act.

In this action, David Gomes contends that defendant Norfolk Financial Corp. violated his rights under the FDCPA and G.L. c. 93A by attempting to collect an alleged debt after a collection lawsuit regarding same had been decided in Mr. Gomes's favor, and by failing to report the debt as "disputed" to credit reporting agencies.

### Parties

1. Plaintiff David Gomes is an individual who at all times relevant to this complaint has resided in West Boylston, Worcester County, Massachusetts.

2. Defendant Norfolk Financial Corp. is, on information and belief, a limited liability corporation having a principal place of business in Cumberland, Rhode Island. At all times relevant to this complaint, defendant was engaged in trade or commerce in the Commonwealth of Massachusetts.

### Jurisdiction and Venue

3. Certain of plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate plaintiff's claims arising under state law.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### Statement of Facts

5. Defendant is a "debt collector" within the scope of 15 U.S.C. §1692a(6) and 209 CMR 18.02 in that it uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of any consumer debts, and/or regularly collects or attempts to collect, directly or indirectly, consumer debts owed or due or asserted to be owed or due another.

6. Defendant filed a small claims action against plaintiff seeking to collect on an allegedly delinquent Providian credit card account.

7. Plaintiff contested the lawsuit and made clear that he did not believe he was obligated for the alleged debt. Nonetheless, defendant did not report the alleged debt as "disputed" to credit reporting agencies.

8. On July 19, 2006, a judgment of dismissal was entered in plaintiff's favor in the above-referenced lawsuit because defendant failed to appear for trial.

9. Despite the dismissal of the lawsuit, defendant continued attempts to collect the alleged debt. Specifically, it sent plaintiff a letter dated September 11, 2006 which, *inter alia*, specified a "balance as of today" and stated: "your attention to the outstanding balance is requested." In addition, plaintiff received a collection letter in September, 2006, from David Taylor & Associates, LLC," the authorized collection agency for Norfolk Financial Corp.," concerning the alleged debt.

10. Defendant's conduct as aforesaid caused plaintiff to suffer distress and anxiety, leading to headaches, loss of sleep, and distraction from daily activities, and damage to his credit.

### **Failure to Report Debt as Disputed**

#### COUNT I

11. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

12. Defendant's failure to report the alleged debt as "disputed" violated 15 U.S.C. §1692e(8).

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendant awarding him actual damages; statutory damages; interest, costs and reasonable attorney's fees.

### COUNT II

20. The allegations of paragraphs 1 – 19 are incorporated herein as if fully set forth.

21. Defendant's failure to report the alleged debt as "disputed" violated the FDCPA, G.L. c. 93, §54A(c), 209 CMR 18.16(8), and hence G.L. c. 93A.

22. Said unlawful conduct was willful and knowing in nature.

23. On February 13, 2007, plaintiff – through counsel – sent defendant via certified mail, return receipt requested, a demand for relief pursuant to G.L. c. 93A, section 9, which reasonably described the conduct complained of and injuries suffered. Said demand was duly received by defendant on February 14, 2007.

24. Defendant failed to make a reasonable written tender of settlement within the time specified by said section 9.

25. Defendant's failure to make a reasonable written tender of settlement was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A, section 2.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment:

a. awarding him actual damages or $25.00, whichever is greater;

b. doubling or trebling any actual damages awarded;

c. awarding interest, costs, and reasonable counsel fees;

d. awarding such further relief as shall be just and proper.

## Unlawful Collection Activity

### COUNT III

26. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

27. Defendant's attempts to collect the alleged debt after dismissal of the collection lawsuit constituted conduct the natural consequence of which was to abuse, harass, or oppress plaintiff in violation of 15 U.S.C. §1692d.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendant awarding him actual damages; statutory damages; interest, costs and reasonable attorney's fees.

### COUNT IV

28. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

29. Defendant's attempts to collect the alleged debt after dismissal of the collection lawsuit involved the use of false, deceptive, or misleading representations and means in violation of 15 U.S.C. §1692e.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendant awarding him actual damages; statutory damages; interest, costs and reasonable attorney's fees.

### COUNT V

30. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

31. Defendant's attempts to collect the alleged debt after dismissal of the collection lawsuit was unfair and/or unconscionable in violation of 15 U.S.C. §1692f.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendant awarding him actual damages; statutory damages; interest, costs and reasonable attorney's fees.

### COUNT VI

32. The allegations of paragraphs 1 – 31 are incorporated herein as if fully set forth.

33. Defendant's attempts to collect the alleged debt after dismissal of the collection lawsuit violated the FDCPA, 209 CMR 18.15, 18.16, and 18.17, hence G.L. c. 93A.

34. Said unlawful conduct was willful and knowing in nature.

35. On February 13, 2007, plaintiff – through counsel – sent defendant via certified mail, return receipt requested, a demand for relief pursuant to G.L. c. 93A, section 9, which reasonably described the conduct complained of and injuries suffered. Said demand was duly received by defendant on February 14, 2007.

36. Defendant failed to make a reasonable written tender of settlement within the time specified by said section 9.

37. Defendant's failure to make a reasonable written tender of settlement was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A, section 2.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment:

a. awarding him actual damages or $25.00, whichever is greater;

b. doubling or trebling any actual damages awarded;

c. awarding interest, costs, and reasonable counsel fees;

d. awarding such further relief as shall be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury on all claims.

DAVID GOMES
Plaintiff
By his attorney,

_____
KENNETH D. QUAT
BBO #408640
QUAT LAW OFFICES
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
ken@quatlaw.com